UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JEFFREY MONCRIEF, ET AL.                                PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:08CVCv385TSLJCS

BENNETT TRUCK TRANSPORT, LLC,
ET AL.                                                  DEFENDANTS

CONSOLIDATED WITH

JEFFREY MONCRIEF, ET AL.                                PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:08CV395HTW-LRA

BELLSOUTH TELECOMMUNICATIONS,
INC., ET AL.                                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant/cross-claimant BellSouth Telecommunications, Inc. (BellSouth) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the claims brought against it by plaintiffs Jeffery and Wanda Moncrief, on the cross-claim filed against it by Bennett Truck Transport, LLC (Bennett), and on its claim against Bennett. Defendant/cross-claimant Bennett has responded in opposition to BellSouth's motion. Plaintiffs Jeffery and Wanda Moncrief have not responded to the motion. The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that BellSouth's

motion should be granted in part and denied in part, as set forth herein.

On May 28, 2008, the Moncriefs filed two lawsuits in the Circuit Court of Rankin County, Mississippi, one against Bennett and Bennett driver Stephen Rutherford, and the other against BellSouth, seeking to recover for damage to their vehicle and for alleged physical and emotional injuries suffered by Jeffery Moncrief when the roof of a mobile home being transported by Rutherford for Bennett snagged a BellSouth overhead telephone line over Highway 80 in Pearl, Mississippi, causing a BellSouth utility pole to break and fall on the Moncriefs' vehicle. Defendants removed the respective cases to this court on the basis of diversity jurisdiction. Once removed, the cases were consolidated by agreed order, following which BellSouth and Bennett filed cross-claims against each other, Bennett seeking to recover from BellSouth for damage caused to the mobile home as a result of the accident, and BellSouth seeking to recover from Bennett for the damage caused to its telephone line and pole as a result of the accident. BellSouth has now moved for summary judgment on both the Moncriefs' and Bennett's claim against it and on its claim against Bennett, contending that pursuant to Mississippi Code Annotated § 63-5-17, Bennett, as a matter of law, is liable for the damages incurred by the Moncriefs and BellSouth caused when its truck hauling an oversized load, which exceeded the statutory

2

limit of thirteen feet, six inches, snagged BellSouth's telephone line, causing the telephone pole to fall.

Section § 63-5-17, upon which BellSouth's motion is grounded, provides,

> No vehicle unladen or with load shall exceed a height of thirteen feet, six inches. However, no person, firm or corporation, or the State of Mississippi or any subdivision thereof, shall be required to raise, alter, construct or reconstruct any underpass, wire, pole, trestle or other structure to permit the passage of any vehicle a height, unladen or with load, in excess of twelve feet, six inches. Full liability for damages to any structure caused by any vehicle having a height in excess of twelve feet, six inches, shall be borne entirely by the motor carrier or operator of the vehicle.

It is undisputed that the height of the load hauled by Bennett exceeded twelve feet, six inches. The evidence establishes that the load measured fourteen feet, eleven inches, after the accident, in which the roof was ripped off the mobile home (which necessarily means that the height of the load being transported when the accident occurred was more than fifteen feet). Since Bennett's load was "in excess of twelve feet, six inches," then by the clear and unambiguous language of the statute, "full liability for damages to any structure"–which obviously would include BellSouth's pole and line–"shall be borne entirely" by Bennett, as the motor carrier or operator of the vehicle. It necessarily follows that Bennett, which by statute bears full liability for the damage caused to BellSouth's line and pole caused by its load, has no conceivable basis for any claim against BellSouth for the

3

damage to Bennett's own load from its contact with BellSouth's overhead line.

Based on the clear language of § 63-5-17, the court concludes that BellSouth is entitled to summary judgment on its cross-claim against Bennett for the $6,370.51 cost to repair the damage to the BellSouth pole and line damaged in the accident, and BellSouth is likewise entitled to summary judgment on Bennett's cross-claim against it for damage to the mobile home. However, BellSouth's reliance on § 63-5-17 to escape potential liability to the Moncriefs is misplaced.

Contrary to BellSouth's insinuation, this statute does not hold the operator of the vehicle strictly liable for all damages of any kind resulting from loads in height greater than twelve feet, six inches. Nor, for that matter, does it even hold the vehicle operator liable for damages to any and all "structures" damaged due to loads in excess of twelve feet, six inches. In this vein, BellSouth, citing a dictionary definition of "structure" as "something built," argues that since the Moncrief vehicle was "built," it was obviously a "structure," that the damage to this "structure" was caused by Bennett's load having a height in excess of twelve feet, six inches, and that it thus follows that under the statute, Bennett is strictly and solely liable for the Moncriefs' damages. In the court's opinion, the statute's reference to liability for damage to "any structure"

4

must be interpreted in the context of the remainder of the statute, and specifically, the preceding sentence, which states that "no person, firm or corporation, or the State of Mississippi or any subdivision thereof, shall be required to raise, alter, construct or reconstruct any underpass, wire, pole, trestle *or other structure* to permit the passage of any vehicle" in excess of twelve feet, six inches in height.  In the court's opinion, the sentence that follows, which refers to damage to "any structure" and which is the sentence upon which BellSouth's position is based, can only reasonably be interpreted to mean that in the event that damage to any underpass, wire, pole, trestle or other structure is caused by a vehicle having a height of more than twelve feet, six inches, then the motor carrier of vehicle operator has full liability for such damage.  In other words, the statute makes clear that no overhead structure is required to be altered or modified to allow passage of a vehicle with a load height in excess of twelve feet, six inches, and mandates that the vehicle operator or motor carrier compensate the owner of an overhead structure for damage caused by any load whose height exceeds twelve feet, six inches.  Properly interpreted, the statute's imposition of strict liability does not apply to claims for damage to "structures" other than the overhead structure or

5

structure supporting the overhead wire.[1]  Where recovery is sought for damage to any other "structure" or for personal injuries, as is the case with the Moncriefs claim herein, the statute is inapplicable.[2]

---

[1] Notably, the statute does not purport to impose liability for personal injury resulting from contact between a load in excess of twelve feet, six inches in height and an overhead structure.  This fact, as well, counsels against BellSouth's proffered interpretation of the statute.  If the purpose of the statute is to render the carrier/operator liable for damages caused by transporting a load over a prescribed height, then liability would not be limited to damage to structures but would presumably also include personal injuries.  That it does not do so confirms the court's interpretation of the statute as addressing only liability for damage to the overhead structure, and not generally to all "structures."
    The court would note, too, that even under BellSouth's proposed construction, Bennett would be strictly liable for the damage to the Moncrief's vehicle but not for Mr. Moncrief's personal injuries, for which BellSouth's argument plainly does not account.

[2] BellSouth has moved for summary judgment only on the basis that the statute renders Bennett strictly and solely liable. In response to the motion, Bennett maintains that the statute does not apply to the claims here, and that evidence tending to establish negligence, or contributory negligence by BellSouth, precludes summary judgment.  Since BellSouth did not seek summary judgment on the basis of the absence of evidence of negligence on its part, the court need not and does not consider whether the evidence tends to establish negligence by BellSouth.  For this reason, evidence of BellSouth's negligence which Bennett has sought to present via a late-filed supplement to its response to BellSouth's motion is not germane to the court's resolution of the motion.  Nevertheless, the court will allow the supplementation, and will deny BellSouth's motion to strike.

6

Based on the foregoing, it is ordered that BellSouth's motion is granted in part, and denied in part, as set forth herein.

SO ORDERED this 4th day of June, 2009.

                                          /s/ Tom. S. Lee
                                          UNITED STATES DISTRICT JUDGE